DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1919.

---

## August Hoglund, Appellee, v. E. P. Johnson Piano Company, Appellant.

### Gen. No. 6,689.

1. LIMITATION OF ACTIONS, § 74*—*when amended count does not state new cause of action.* An amended count, filed after the statute of limitations had become effective, did not state a new cause of action on the alleged ground that in it were stated for the first time the necessary facts to show that the factory of defendant was not working under the Workmen's Compensation Act of 1913, because defendant had rejected the act, as the original declaration in alleging that the factory was one in which compressing machines were used, and that plaintiff was engaged in moving frames taken from a press machine and transporting them on a truck to other machines, sufficiently, although defectively, showed that defendant's factory must have been within the provisions of section 3, paragraph b, Call. 1916 Stat. ¶ 5475(3), of said act, as an extrahazardous enterprise or business which was conclusively presumed to have been working under the act unless the provision had been rejected.

2. LIMITATION OF ACTIONS, § 74*—*when additional count is mere restatement of same cause of action.* Where a declaration in a per-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(547)

sonal injury case defectively stated a cause of action based upon a rejection of the Workmen's Compensation Act, by alleging facts which showed that defendant's factory must have been within the act, an additional count filed after the statutory period of limitations, which specifically alleged that defendant had rejected the provisions of such act, was a restatement of the same cause of action more completely and properly, but was not a statement of a new cause of action.

3.   MASTER AND SERVANT, § 110*—*when depression in floor is proximate cause of servant's injury*. Where an employee in a piano factory, while moving a truck loaded with piano frames, stepped to the side of the truck and pushed back frames which had started to fall because of the running of one of the wheels of the truck into a depression or hole in the floor, the depression in the floor, and not plaintiff's act of stepping around to push the sliding frames back, was the proximate cause of the injury sustained by plaintiff as the result of a sliver of glue, which was sticking out on one of the frames, getting into one of his fingers.

4.   INSTRUCTIONS, § 137*—*propriety of refusing instruction stating general principles*. The refusal of an instruction which is merely a statement of general principles is not error.

5.   DAMAGES, § 133*—*when verdict for injury to finger not excessive*. A verdict for $2,000 for an injury to the forefinger of the left hand of a factory employee, although large, was not excessive, where such employee suffered a number of months, and not only the use of the finger had been lost, but it was still in such a defective condition that it ought to have been amputated, and where, whether amputated or not, the effect of the injury necessarily to some extent impaired the use of the entire hand.

6.   MASTER AND SERVANT, § 795*—*when proper to refuse instructions requested by defendant*. The refusal of instructions having reference to the defenses of assumed risk, the negligence of a fellow-servant and contributory negligence was not error, where defendant had rejected the provisions of the Workmen's Compensation Act of 1913.

Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, and Hon. S. C. STOUGH, Judges, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed July 18, 1919.

GALLAGHER, KOHLSAAT & RINAKER and RUSSELL O. HANSON, for appellant; SAMUEL M. RINAKER, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Browne & Wiley and Butters & Clark, for appellee.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

August Hoglund brought this suit in the Circuit Court of La Salle county against the appellant, E. P. Johnson Piano Company, to recover damages for injuries alleged to have been suffered by him on account of the negligence of the appellant, in that the appellant failed to furnish the appellee a reasonably safe place to perform the work that the appellee was engaged in in appellant's factory. The proof shows that on July 28, 1915, the appellee and another employee of the appellant, by the name of William Bjurstrom, were engaged in the work of moving a truck loaded with piano frames through the room in appellant's factory, known as the veneer room, over a wooden floor in order to transfer the frames into the machine room. The truck used for this purpose was approximately 4 feet 6 inches long and 2 feet wide, and had four iron wheels, two large wheels on each side of the middle of the truck and one small wheel at each end. The frames were piled on the truck to a height of about 8 feet. Bjurstrom was at the front, pulling, and the appellee was behind, pushing the truck. While they were thus engaged, in moving the truck along over the floor, one of the wheels ran into a depression or hole in the floor; this caused the truck to suddenly settle down on one side, and in consequence some of the top frames started to slide towards that side, and were about to fall off; and in order to prevent the frames from falling off the truck, appellee stepped to the side of the truck and pushed them back, and, in doing so, a sliver of glue, which was sticking out on one of the frames, got into the forefinger of the appellee's left hand. There was a trial which resulted in a verdict in favor of the appellee for $2,000, upon which judgment was rendered, and from this judgment an appeal is prosecuted. A

number of reasons are urged for reversal of the judgment.

During the trial the appellee, by leave of court, filed an additional count, and to this count the appellant filed a plea of the statute of limitations on the ground that it stated a new cause of action after the statute of limitations had become effective. The appellee demurred to the plea, and the court sustained the demurrer; appellant abided by the plea. Appellant contends that it was error to sustain the demurrer, because the amended additional count stated a new cause of action; that for the first time in the course of the litigation it alleged the necessary facts, to show that the factory of the appellant was not working under the Workmen's Compensation Act of 1913, because appellant had rejected the Compensation Act; that the original declaration did not contain the necessary allegations to show that appellant had rejected the provisions of the act, nor that the action was based on that ground. We are of opinion, however, that the original declaration does state facts concerning the business of the appellant sufficient to show that it was a piano factory in which compressing machines were used; and that the appellee was engaged in moving frames taken from a certain press machine and transporting them on the truck to certain other machines in another part of the factory. These allegations, while not as specific and complete as they should be, sufficiently show that the appellant's factory must have been within the provisions of section 3, paragraph b of the Compensation Act of 1913 [Call. 1916 Stat. ¶ 5475(3)] as an extrahazardous enterprise or business, which was conclusively presumed to be working under the act unless the provisions of the act had been rejected in the manner pointed out by the statute. And these allegations, taken in connection with the averment in the declaration that the appellant was not working under the Workmen's Compensation Law, could lead to but one

conclusion, namely, that appellant had rejected its provisions, that being the only way in which under these circumstances it could work outside of the provisions of the act. The original declaration therefore presents an instance where the cause of action is defectively stated, and the additional count restated the same cause of action more completely and properly, but did not state a new cause of action. It was not error therefore to sustain the demurrer to the plea of the statute of limitation, nor did the court err in admitting the evidence on trial, to prove that the Compensation Act had been regularly rejected by the appellant in the manner required by the statute.

It is argued by the appellant that the appellee had no right to recover because the defective floor was not the proximate cause of appellee's injury; that by stepping from the rear of the truck to the side, for the purpose of holding up the frames, which were slipping and about to fall to the floor, the appellee injected into the occurrence a new intervening and efficient cause, a new and independent force, which intervened between the original cause and the appellee's injury; and "that there was, in fact, no direct causal connection between the alleged defect in the floor and appellee's injury; and that it was only the new and independent force of the appellee himself, acting in and of itself, which caused the injury." In other words, that it was not because of the defect in the floor that the appellee was injured, but because he stepped around to the side to hold up the frames. It will be noticed that there was a complete and natural succession of events set in motion and brought about by the fact that the wheel of the truck struck the depression in the floor, which resulted finally in appellee's injury; that is to say, when the wheel of the truck ran into the depression, it caused the truck to tilt to one side, this caused the frames to slip, and this caused the appellee to try to hold them on the truck and thereby the injury occurred. The ap-

pellee's act of preventing the frames from slipping off of the truck was not an independent force operating to intervene between the original cause and the injury, but was really a result of the original cause. It was appellee's task to move the frames from the veneer room to the machine room, on the truck; he could not have accomplished this task without keeping the frames on the truck; hence his effort to prevent them from falling off was an essential part of the work which he was performing, and necessary in order to accomplish it, and in no sense a purely voluntary or independent act intervening in the occurrence, so the jury were fully justified in finding from the evidence that the depression in the floor was the proximate cause of the appellee's injury.

The appellant also complains of the refusal of the instructions numbered 17, 18, 19, 20, 21, 22 and 23. These instructions were properly refused. No. 17 is the statement merely of general principles, and it was not error to refuse this instruction on that account, but so much of the matter contained in this instruction as the appellant was entitled to have applied to the facts in this case was given to the jury in other instructions. The other instructions have reference to defenses of which the appellant could not avail itself in this case, having rejected the provisions of the Compensation Act, namely, assumed risk connected with appellee's employment, the negligence of a fellow-servant and contributory negligence.

It is also insisted that the damages are excessive. It appears clearly that the appellee suffered a number of months from the infection caused by the injury in question, and has not only lost the use of his finger, but that it is still in such a defective condition that it ought to be amputated; and whether amputated or not, the effect of the injury, necessarily to some extent, impairs the use of the entire hand. The sum of $2,000, under

these circumstances, while large, cannot be regarded as excessive. The record does not disclose any reversible error, and the judgment is affirmed.

*Judgment affirmed.*